IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                              )
                                    )
KEVIN DEAN STOVER and               )      Case No. 05-43103
SHERRIE ANN STOVER,                 )
                                    )
            Debtors.                )

## ORDER GRANTING THE CHAPTER 13 TRUSTEE'S
## AMENDED OBJECTION TO EXEMPTIONS

The Chapter 13 Trustee objects to the exemptions claimed by debtors Kevin Dean

Stover and Sherrie Ann Stover ("Debtors") in an annuity with Fidelity & Guaranty Life (the

"Annuity") pursuant to § 513.427 and § 513.430.1(10)(e) and (11) of the Missouri Revised

Statutes.  For the reasons that follow, the Trustee's objection is SUSTAINED.

 The Annuity involved in this dispute resulted from a settlement that debtor Kevin

Stover's mother received in a wrongful death action following the death of Kevin's father

in October, 2000.  Kevin's mother placed a portion of the wrongful death settlement proceeds

in the Annuity, and named Kevin and his brother as the beneficiaries.  Kevin's mother died

in 2002, and Kevin and his brother now each receive equal monthly payments in the amount

of $794.34 under the Annuity.

The Debtors seek to claim the Debtors' interest in the Annuity as exempt under §

513.427 and § 513.430.1(10)(e) and (11) of the Missouri Revised Statutes.  The Chapter 13

Trustee objects to the claimed exemptions and asserts that the marketable value of the

Annuity should be included in the Debtors' liquidation analysis under § 1325(a)(4) of the

Bankruptcy Code.

The Bankruptcy Code permits a state to opt out of the federal bankruptcy exemption scheme,[1] and Section 513.427 is the mechanism under which the State of Missouri opted out.[2]  Consequently, Missouri law controls a debtor's right to claim certain property as exempt.[3]

Section 513.430.1(11) provides an exemption for "[t]he debtor's right to receive, or property that is traceable to, a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."[4]  The Trustee does not dispute that the Annuity resulted from Kevin's mother's settlement in a wrongful death action or that the Annuity payments are reasonably necessary for the support of the Debtors.  However, the Debtors have not established, or even alleged, that Kevin, who was approximately 31 years old at the time of his father's death in 2000, was a dependent of his father at any time relevant to this case.  Consequently, under the plain language of the statute, since Kevin was not a dependent of his father, § 513.430.1(11) is not applicable to this situation and the Debtors cannot claim an exemption in the Annuity under this provision.

Alternatively, the Debtors claim an exemption in the Annuity under § 513.430(10)(e), which, as relevant here, permits a debtor to claim an exemption in such person's right to receive:

---

[1] 11 U.S.C. § 522(d).

[2]  Mo. Stat. Ann. § 513.427 (2002).

[3] *In re Hughes*, 318 B.R. 704, 707 (Bankr. W.D. Mo. 2004).

[4] Mo. Stat. Ann. § 513.430.1(11) (2002).

> (e) Any payment under a stock bonus plan, pension plan, disability or death benefit plan, profit-sharing plan, nonpublic retirement plan or any similar plan described, defined, or established pursuant to section 456.072, RSMo,[5] the person's right to a participant account in any deferred compensation program offered by the state of Missouri or any of its political subdivisions, or annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person.[6]

The Debtors assert that they are entitled to claim an exemption in the Annuity payments under this provision because they come from an annuity on account of Kevin's father's death and are reasonably necessary for their support.

Again, the Trustee does not dispute that the Annuity payments are reasonably necessary for the support of the Debtors, but asserts, based on a prior holding of mine,[7] that the Annuity payments at issue are not of the type contemplated by § 513.460.1(10)(e).  This is so, he argues, because they were created by and funded from the proceeds of litigation, not an employee death benefit plan as contemplated by the statute.

The Trustee points out that the exemption is limited to payments and plans "described, defined, or established pursuant to section 456.072, RSMo [now denominated section 456.014]" which limits the exemption to payments from "[a] trust created as part of a . . . disability or death benefit plan . . . for the exclusive benefit of employees, to which contributions are made by an employer, or participant, or both."  Since § 514.430.1(10)(e)

---

[5] Section 456.072 of the Missouri Statutes has been renumbered and is now denominated as § 456.014.  Mo. Stat. Ann. § 456.014 (Supp. 2005).

[6] Mo. Stat. Ann. § 513.430.1(10)(e) (2002).

[7] *In re Hughes*, 318 B.R. 704, 707 (Bankr. W.D. Mo. 2004).

is not applicable to proceeds, or the right to receive proceeds, from a personal injury settlement or wrongful death action, the Trustee argues that the annuity is not exempt.

The Debtors point out that the modifier referring to § 456.072 (now § 456.014) appears to modify the phrase coming before it and does not modify "annuity or similar plan or contract on account of illness, disability, death, age or length of service," which comes after the modifying phrase.  But, as will be explained, the language of § 513.430.1(10)(e) indicates that the Missouri legislature intended for that section to apply to benefits received as a result of, or related to, employment, and not to annuities resulting from estate planning or litigation unrelated to employment.

First, § 513.430.1(11), discussed above, expressly provides an exemption for payments on account of a wrongful death settlement or judgment.  As shown, such payments may be claimed as exempt only if the debtor was a dependent of the deceased.  If the Missouri legislature had intended for any annuity created as the result of a wrongful death action to be included within subsection (10)(e), there would have been no need to create an additional exemption under subsection (11).

Moreover, the Eighth Circuit has said that § 513.430.1(10)(e) is "virtually identical" to the exemption found in § 522(d)(10)(E) of the federal exemption scheme.[8]  "Congress described that federal exemption as exempting certain benefits that are akin to future earnings of the debtor."[9]  "The purpose of the exemption is to replace lost wages, such as those lost

---

[8] *Checkett v. Vickers (In re Vickers)*, 954 F.2d 1426, 1429 (8th Cir. 1992); *See also In re Collett*, 253 B.R. 452, 454 (Bankr. W.D. Mo. 2000).

[9] *Collett*, 253 B.R. at 454 (citations omitted).

on account of the recipient's age, or disability, or for the support of surviving dependents (*i.e.*, on account of the guardian's death)."[10]

As with § 522(d)(10)(E) of the Bankruptcy Code, the purpose of § 513.430.1(10)(e) is to replace lost future earnings of a debtor, or a person on whom a debtor is dependent, related to employment, and is not intended to exempt annuity payments resulting from a personal injury or wrongful death settlement not related to employment or earnings.

Instead, as Judge Venters did in *In re Collett*, I hold that the Annuity in this case is akin to an inheritance received in the form of an annuity, and as such, cannot be exempted.[11] Although it appears that the Debtors rely on the Annuity payments for their reasonable support, allowing the claimed exemptions in them would be a departure from the language and intent of the exemption statute.[12] Because Kevin was not a dependent of his father at the time of death, the Annuity cannot be considered as a replacement for his lost wages, as the Missouri legislature intended § 513.430.1(10)(e) to be applied.[13]

For the foregoing reasons, I SUSTAIN the Chapter 13 Trustee's Second Amended Objection to Exemptions.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

---

[10]   *Id.* (citations omitted).

[11]   *Id.* at 454.

[12]   *Id.*

[13]   *Id.* at 455.

Date: November 1, 2005.

**RICHARD FINK IS DIRECTED TO SERVE PARTIES OF INTEREST **